# William Reeda, Appellant, v. The Tribune Company, Appellee.

## Gen. No. 25,596.

1. NEWSPAPERS, § 6*—*what is extent of liability of newspaper.* Newspapers are responsible to the law for any wrong committed by them and are subject to regulation by law.

2. EQUITY, § 1*—*what is effect of maxim allowing remedy for wrong.* The maxim that "where there is a wrong, there is a remedy," is not controlled in its application by the novelty of the question involved.

3. DAMAGES, § 96*—*what is essential to award of punitive damages.* There must be a finding of actual damage and an assessment therefor before there can be an assessment of punitive damages; the latter are assessable only where the former are recoverable.

4. NEWSPAPERS, § 6*—*what are duties and powers of newspapers.* A newspaper, in the dissemination of matters of public interest, has a right to abandon any department it may have established or to add new ones or to change its policy, political or otherwise, at its pleasure and as to it may seem best for either its own or the public weal.

5. NEWSPAPERS, § 6*—*when newspaper may refrain from publishing article.* A newspaper is free to refrain from publishing such matter as it may determine to be without news value and to publish such matters as it regards as having news value, as long as it does not publish libelous or scandalous matter or matter forbidden by law.

6. NEWSPAPERS, § 6*—*when newspaper is not liable for failure to publish news.* A newspaper owes to a candidate for political office no duty to publish the fact of his candidacy, and the fact that it fails to mention his name although it gives the names of the other candidates for such office does not subject it to a suit for damages in any form of action.

7. DAMAGES, § 154*—*what must be pleaded to recover damages.* There cannot be a recovery in any form of action on the case unless damage is clearly inferable from the grievance alleged.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 12, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM REEDA, *pro se,* and HARRY H. KRINSKY, for appellant.

McCORMICK, KIRKLAND, PATTERSON & FLEMING, for appellee; HOWARD ELLIS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

To the declaration and an additional count thereto a general demurrer was interposed and the court after hearing arguments thereon sustained the demurrer. Plaintiff electing to stand by his declaration, the suit was dismissed at plaintiff's cost and he prosecutes this appeal.

Plaintiff's briefs are interesting but not enlightening on the subject before us. His reply brief metaphorically puts the court "all at sea" by the making of his statement: "The declaration does not proceed on the theory of slander or libel or an action on the case for false words causing damage, but proceeds on the theory of the common law that there is no violation of a right without a remedy." Prior to being thus informed we had concluded, from an examination of the declaration, that the action was either "libel" or for "false words causing damage." However, we will proceed to decide the case according to the latest pronunciamento of plaintiff as to what the action really is.

It appears from plaintiff's declaration that an election of twelve judges of the superior court of Cook county was to be held on November 6, 1917; that the Republican and Democratic party managers agreed upon twelve candidates owing allegiance respectively to said parties; that the party known as the Socialist party also nominated a ticket of twelve candidates; that thereupon as a rebuke, as plaintiff claims, to the bi-partisan methods of the two controlling political parties, he was with eleven others nominated for a

superior court judgeship on what was termed an "independent judiciary by petition" ticket. The Board of Election Commissioners issued specimen ballots in the month of October prior to the election, with the names of all of the candidates thereon; and on October 31, 1917, defendant, publishing the Chicago Daily Tribune, printed in its issue of that date what purported to be a facsimile copy of the specimen ballot, but the same contained only the nominees appearing upon the tickets designated as the Republican, Democratic and Socialist parties and did not print or publish that part of the specimen ballot known as "independent judiciary by petition," and wholly omitted from such publication the name of plaintiff as one of the nominees for said judgeship; and plaintiff alleges that the actions of defendant in this regard were wilful and malicious, etc., and done with intent to hinder and injure the candidacy of plaintiff to his damage.

Plaintiff appears in this court as his own attorney and, while he has an associate for counsel, we will assume from the personal tone adopted that the briefs are his own production.

In his reply brief plaintiff states that "appellant is not embittered by defeat, because he had no hope of victory," and continues: "This action is not conceived in spite, but is dedicated to the proposition that a newspaper must be made accountable for the violation of common ordinary rules requiring honest and fair dealing; that the great power for good or evil which it wields is and should be made subject to the regulation of the law."

That newspapers are responsible to the law for any wrong committed by them and are subject to regulation by law is not open to controversy. It is the boast of the law as administered in our courts that it affords a remedy for the perpetration of any wrong against any citizen. In other words, it is a maxim of

the law that "where there is a wrong there is a remedy." However, the novelty of the question does not affect the legal right. In a note to 38 Cyc. 423, appears the following:

"While no precedent is cited for such an action, it does not follow that there is no remedy for the wrong, because every form of action when brought for the first time must have been without a precedent to support it. Courts sometimes of necessity abandon their search for precedents and yet sustain a recovery upon legal principles clearly applicable to the new state of facts, although there was no direct precedent for it, because there never had been an occasion to make one. The question, therefore, is not whether there is any precedent for the action, but whether defendant inflicted such a wrong upon plaintiff as resulted in lawful damages. *Kujek v. Goldman,* 150 N. Y. 176."

It may be admitted that the case before us is novel and without precedent—at least no precedent on the facts is cited to us and none on an independent search is found; but this is a tort case wherein plaintiff contends that defendant wronged him in the circumstances heretofore recited. However, a tort presupposes damages, but plaintiff repels the idea of damages because, he says, he "had no hope of victory," although he argues that he is entitled to punitive damages. It is elementary law that there must be a finding of actual damage and an assessment therefor before there can be an assessment of punitive damages. Punitive damages are assessable only where actual damages are recoverable.

Plaintiff contends that defendant as the publisher of a newspaper is a public utility and is compelled to serve the public in the same manner as a public utility corporation, which in effect it is argued it is. However, we do not think that the question of whether a newspaper is a public utility is necessary for us to decide in the conclusions at which we have arrived, as we place our decision upon other grounds.

Plaintiff argues that because defendant maintains in its newspaper several departments offering advice to soldiers and to the public in general, a legal department offering legal advice to the public, a medical department offering medical advice, and also a department offering advice to the "lovelorn," that therefrom its business is impressed with a public character, and having once entered upon the operation of such departments, it is, inferentially at least, bound to maintain them.

We are unable to quite grasp this idea, because it is clear, we think, that what is of paramount interest to newspaper readers today may be obsolete some time in the future, and that a newspaper in the dissemination of matters of public interest has a right to abandon any department it may have established or to add new ones or to change its policy, political or otherwise, at its pleasure and as to it may seem best for either its own or the public weal.

According to plaintiff's argument, defendant is liable not for what it did, but for what it refrained from doing. Such is indeed a novel proposition. To make defendant liable for its silence, we must hold that it was obligated to publish in its paper the whole of the facsimile judicial ticket. This we are not prepared to do. On the contrary, defendant owed no duty to either plaintiff or the public to publish anything which for any reason it did not see fit to publish. Defendant is the sole judge of the value of news as such. A newspaper must remain free to publish such matters as it regards as possessing news value and to refrain from publishing such matter as it may determine does not possess news value. In other words, it must be the judge of the conduct of its own business and of the news which it prints, as long as it does not offend against the law by publishing libelous or scandalous matter or matter forbidden by law, such as indecent matter or matter which would

under the law make it liable to prosecution at the hands of the public prosecutor. Therefore we are confronted with this situation: Defendant might have refrained from publishing any portion of the facsimile judicial ticket on the occasion in question if it saw fit, or it might have published, as it did, such portion thereof as it saw fit, it being the sole judge as to which portion it should publish. Defendant owed plaintiff no duty to announce to the public in its newspaper that plaintiff was a candidate for any office, and the fact that it did not mention plaintiff's candidacy for the judgeship did not subject it to a suit for damages in any form of action.

As plaintiff claims that his declaration is not in libel or for false words causing damage, we refrain from the discussion as to whether or not the declaration is sufficient to fulfil by its averments the requisites of a declaration in either of these forms of action. However, we are unable to reconcile the averments of the declaration with the rule of the common law that "there is no violation of a right without a remedy." An examination of the authorities cited by plaintiff not only fails to support such contention as applicable to the facts averred, but there is no case of which we are aware that permits a recovery in any form of action on the case unless damage is clearly inferable from the grievance alleged.

We are of the opinion that the declaration states no cause of action and that the trial judge properly sustained the general demurrer interposed to it; so holding, it follows that the judgment of the circuit court must be affirmed.

*Affirmed.*

Mr. Justice McSurely took no part; Mr. Justice Dever concurs.